## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BETTY COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-08-180-F |
| | ) | |
| LANGSTON UNIVERSITY | ) | |
| and BOARD OF REGENTS | ) | |
| FOR OKLAHOMA STATE | ) | |
| UNIVERSITY AND THE | ) | |
| AGRICULTURAL AND | ) | |
| MECHANICAL COLLEGES, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the court is Defendants' Motion and Brief to Strike Inadmissible Evidence in Plaintiff's Response to Defendants' Motion and Brief for Summary Judgment, filed January 5, 2009 (doc. no. 39). Upon due consideration of the parties' submissions in regard to defendants' motion, the court makes its determination.

Defendants seek to strike certain statements made by plaintiff in a sworn declaration submitted in support of Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment (doc. no. 34). In section I of their motion, defendants state that Defendants' Reply to Plaintiff's Response and Objection to Defendants' Motion for Summary Judgment and Brief in Support (doc. no. 38) "demonstrate[s] that Plaintiff has attempted to rely on inadmissible, conclusory, hearsay and unauthenticated evidence in opposing Defendants' motion and brief for summary judgment." *See*, defendants' motion, p. 2. Defendants request that the inadmissible

evidence be stricken and not considered by the court in determining whether summary judgment should be granted.

Defendants have not identified, in section I of their motion, the particular statements in plaintiff's sworn declaration that they contend are "inadmissible, conclusory, hearsay and unauthenticated."  They merely assert that their reply demonstrates that plaintiff has attempted to rely on inadmissible, conclusory, hearsay and unauthenticated evidence, without suggesting where in their reply that demonstration is to be found.  The court declines to go page by page through defendants' reply to find the particular statements which defendants assert are objectionable and then determine whether or not they are inadmissible.  In the court's view, defendants are obligated to set forth in their motion each statement in plaintiff's sworn declaration that they challenge, as well as the basis for each challenge. Therefore, the court denies defendants' motion as to any statements made in plaintiff's sworn declaration which defendants challenge in section I of their motion.

In section II of their motion, defendants seek to strike the following statement in paragraph 33 of plaintiff's sworn declaration:

> The next week, mid-June, 2007, during my leave of absence, Mr. Loetz left a message on my cell phone voice mail stating I had been "replaced" and instruct[ing] me to return [my] key.

*See*, Exhibit 1 to plaintiff's response, Declaration of Betty Cook, ¶ 33.  Defendants contend that this statement is not admissible on several grounds.  First, defendants assert that the alleged message left on the telephone by Mr. Loetz is hearsay and inadmissible under Fed. R. Evid. 802.  Next, defendants assert that plaintiff has failed to set forth facts in the sworn declaration to support the authenticity of the message and the statement is inadmissible under Rule 901, Fed. R. Evid.  Defendants contend that plaintiff has not stated in the declaration that she recognized Mr. Loetz's voice,

nor has she provided forth any facts in the declaration identifying the voice. Without the foundational facts, defendants contend that it could have been anyone calling and leaving the message. Further, defendants contend that the testimony is inadmissible because plaintiff took no steps to preserve the voice mail message. According to defendants, when plaintiff received the purported call, she was anticipating litigation with defendants because she had recently filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"). Defendants assert that they have requested a copy of the message during discovery but it was never produced. Because plaintiff did not preserve the message, defendants argue that spoliation doctrine requires exclusion of plaintiff's statement from the summary judgment record.

The court concludes that plaintiff's statement is non-hearsay under Rule 801(d)(2)(D), Fed. R. Evid. The court concludes that Mr. Loetz's statement on the voice mail message is an admission by a party opponent because it is a statement by a party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship. Moreover, Mr. Loetz was involved in the decision-making process affecting the employment action involved. Jaramillo v. Colo. Judicial Dep't, 427 F.3d 1303, 1314 (10th Cir. 2005).

The court rejects defendants' objection to the admissibility of the statement on the basis of lack of authentication. Initially, the court would note that plaintiff declared on the last page of her declaration that her testimony was "within [her] personal knowledge." *See*, Exhibit 1 to plaintiff's response, Declaration of Betty Cook. In any event, the court concludes that plaintiff, by stating that Mr. Loetz had left the message, essentially identified Mr. Loetz's voice as the voice on the voice mail message. And voice identification need only rise to the level of minimal familiarity. U.S. v. Bush, 405 F.3d 909, 919 (10th Cir. 2005). Plaintiff's other testimony in the

sworn declaration, including the fact that Mr. Loetz was plaintiff's supervisor, shows that plaintiff was more than minimally familiar with Mr. Loetz's voice.  The court therefore concludes that plaintiff's statement is not inadmissible on the basis of lack of authentication.

The court further rejects defendants' request for exclusion of the statement as a spoliation sanction.  "A spoliation sanction is proper where (1) a party has a duty to preserve evidence because [she] knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence."  Burlington Northern and Santa Fe Ry Co. v. Grant, 505 F.3d 1013, 1032 (10th Cir. 2007).  The court need not decide whether plaintiff, who had filed an EEOC charge, knew or should have known litigation (commenced eight months  later) was imminent when the voice mail message was deleted.  The court concludes that defendants are not prejudiced by the deletion of the voice mail message.  Defendants are not precluded from defending the lawsuit by the deletion of the message.  Defendants have the testimony of Mr. Loetz in regard to the voice mail message.[1]

---

[1] Mr. Loetz, in a sworn declaration submitted in support of defendants' motion for summary judgment, states:

> On June 14, 2007, because Ms. Cook had been absent for 5 days without notifying any of her supervisors I called her cell phone number, and left a message on its voice recorder asking for an explanation for her absenteeism and to enquire about her future plans regarding her work at the farm.  In that recorded message I also asked her to return management's emergency key - issued by Langston University physical plant - to the gate to main farm area that I had loaned her.  Ms. Cook has never returned that key to me.

> In this lawsuit, in her Complaint, ¶ 4.17, and in her second EEOC charge, Ms. Cook claims that she was terminated by me on or about June 15, 2007, pursuant to a telephone call left on her voice mail system by me "on or about" June 15.  I never did this.  The only message I left on her voice message system is the one that I left as I have stated in the previous paragraph of this declaration.  I never told

Although the testimony may be disputed in light of plaintiff's testimony, the fact that a disputed issue of fact exists does not result in prejudice to defendants.

Because the court finds that plaintiff's statement in paragraph 33 of the sworn declaration is not inadmissible on the grounds argued by defendants,[2] the court denies defendants' motion as to paragraph 33 of plaintiff's sworn declaration.

In section III of defendants' motion, defendants state that in her response, "Plaintiff now claims that [Dr. Asefa Asmare Alemu] had a supervisory role over her." *See*, defendants' motion, p. 7. Defendants assert that this claim conflicts with plaintiff's deposition testimony and is inadmissible to controvert the facts in the summary judgment proceeding.

Upon review, the court does not find a conflict between plaintiff's deposition testimony and her sworn declaration. The testimony relied upon by defendants in support of their motion, "Def. Attach. J, Plaintiff's deposition at 37:24-38:22," *see*, defendants' motion, p. 8, does not reflect any testimony by plaintiff as to her supervisors. In addition, plaintiff does not state in the declaration that Dr. Alemu was her supervisor. While plaintiff does state that she was "under the direction and control of Dr. Alemu by assisting him in his experiments and [] took direction and control from Dr. Alemu," *see*, Exhibit 1 to plaintiff's response, Declaration of Betty Cook, ¶ 7, the court cannot, on the record before it, conclude that plaintiff's deposition

---

Ms. Cook, or implied to her that she had been terminated, and I never left a message saying this.

Attachment A to defendants' motion for summary judgment, Sworn Declaration of Erick Loetz, ¶¶ 18, 19.

[2] In their motion, defendants have also argued that plaintiff's statement in paragraph 33 is inadmissible under "Fed. R. Civ. P. 26(a)(ii)" because of plaintiff's failure to preserve the voice mail message. Defendant's citation to "Fed. R. Civ. P. 26(a)(ii)" appears to be in error. The court therefore rejects defendants' argument that plaintiff's statement is inadmissible under "Fed. R. Civ. P. 26(a)(ii)."

testimony conflicts with the sworn declaration.   Therefore, the court denies defendants' motion seeking to strike plaintiff's declaration to the extent it conflicts with her deposition testimony.

Based upon the foregoing, Defendants' Motion and Brief to Strike Inadmissible Evidence in Plaintiff's Response to Defendants' Motion and Brief for Summary Judgment, filed January 5, 2009 (doc. no. 39), is **DENIED**.

DATED February 19, 2009.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-0180p010(pub).wpd